IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON L. BURTON,

    Plaintiff,                        No. 2:11-cv-3217 KJN P

    vs.

MIKE McDONALD, et al.,

    Defendants                    <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. On July 27, 2012, the court held an early settlement conference, the case settled, and the parties were directed to file dispositional documents no later than September 10, 2012. On August 16, 2012, plaintiff filed a motion for re-hearing. In his filing, signed under penalty of perjury, plaintiff alleges that:

> Plaintiff was handcuffed and taken to the chow hall to be interviewed by Ronda Fuller, Litigation Coordinator, in reference to the settlement agreement dispositional documents[;] she stated that the judge and the attorney general wanted me to review the settlement agreement and sign the documents. (1) [Plaintiff] was not given a copy of the document so that [he] could study them and make an informed decision about signing the dispositional documents. (2) [Plaintiff] was hand-cuffed and a C/O Abbout was holding the documents while [plaintiff] attempted to read them[;] Officer Abbout became severely disruptive[,] stating read this line. [Plaintiff] tried continuing but was unable due to the constant badgering from C/O Abbout constantly, stating read this line over and over, then stating ["]I don't think he can read[,"] (3) the part of

1

>           the dispositional "document" [plaintiff] was able to read [he]
>           totally disagree[d] with, [plaintiff doesn't] have a copy to refer the
>           court to[;] (4) at the same time Ronda Fuller, Litigation
>           Coordinator, called me for the interview there was a correctional
>           officer (a Sgt.) to interview plaintiff for an inmate appeal, there
>           was an officer on [plaintiff's] right and left shoulder[s] plus
>           another officer on the wall (Sgt) Harper.  [Plaintiff] was totally
>           under severe duress and unable to concentrate whatsoever.  And
>           there was another officer coming in and out of the office constantly
>           with disruptive movement, for these reasons[,] plaintiff ask[s] the
>           court to have another settlement agreement [or] order that plaintiff
>           be provided with a copy of the agreement . . . so that plaintiff can
>           study them and be able to read them without the badgering and
>           duress.

(Dkt. No. 13 at 2-3.)

In light of plaintiff's filing, Deputy Attorney General Grant Lien is directed to forthwith serve a copy of the settlement agreement on plaintiff at his current address of record. Plaintiff is granted twenty-one days to review the settlement agreement. If plaintiff has concerns about the agreement, he shall first submit them in writing to Mr. Lien, and the parties shall attempt to resolve such concerns. If the parties are unable to resolve the concerns, Mr. Lien shall contact Matt Caspar, courtroom deputy, to set a telephonic status conference during which any remaining issues may be resolved. The deadline for filing dispositional documents is extended to November 13, 2012.

Accordingly, IT IS HEREBY ORDERED that:

1. Deputy Attorney General Grant Lien shall serve a copy of the settlement agreement on plaintiff at his current address of record;

2. Plaintiff is granted twenty-one days from receipt of the settlement agreement to review the agreement; and

////

////

////

////

3. The deadline for filing dispositional documents is extended to November 13, 2012.

DATED: August 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

burt3217.spx