UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON L. BURTON,<br><br>    Plaintiff,<br><br>  v.<br><br>MIKE McDONALD, et al.,<br><br>    Defendants. | No. 2:11-cv-3217 KJN P<br><br><br>ORDER |

I. Introduction

  Plaintiff is a state prisoner, proceeding pro se. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On October 27, 2017, plaintiff filed a petition for writ of mandate. Plaintiff claims he was transferred to R.J. Donovan Correctional Facility ("RJD") on or about September 26, 2012, and was provided a religious diet, purportedly pursuant to the settlement agreement entered in this action, until August 20, 2017, when he was removed from the diet roster at RJD without explanation. Plaintiff claims he presented the settlement agreement to various officials at RJD to no avail. In his accompanying declaration, plaintiff suggests that the religious meals became inconsistent after he filed lawsuits against prison officials in the Southern District of California, suggesting that prison staff may be retaliating against plaintiff for his protected conduct of filing civil rights complaints in violation of the First Amendment. (ECF No. 19 at 8.) As set forth below, the petition is denied.

## II. Background

This civil rights action was closed on November 7, 2012, following an early settlement conference and voluntary dismissal of this action with prejudice. In the underlying complaint, plaintiff sought relief pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). His claims arose from his alleged inability to practice his religion at High Desert State Prison based on his allegations that he was denied access to Jumu'ah services and Halal meals. Plaintiff only sought injunctive relief.

## III. Jurisdiction

The first question is whether federal jurisdiction exists. Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the order of dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994).

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on November 7, 2012. The court did not retain jurisdiction. The order of dismissal does not append a settlement agreement, incorporate the terms of the settlement, or even reference a settlement agreement. (ECF No. 17.) Rather, the stipulation stated that the parties[1] "stipulate that the above-entitled action shall be dismissed with prejudice." (Id. at 1.) Therefore, plaintiff's motion is dismissed for lack of jurisdiction.

---

[1] Because this action settled before service of process on any defendant was accomplished, no defendant has officially appeared in this action. Rather, the office of the Attorney General specially appeared on behalf of the defendants, and signed the stipulation on behalf of such specially appearing defendants. (ECF No. 17.)

IV. Motion Under Rule 60(b)

But even assuming this court has jurisdiction, plaintiff's filing fails.

Rule 60(b) provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).

Moreover, a motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

Here, plaintiff's filing does not meet any of the elements under Rule 60(b), and was not filed within one year from November 7, 2012.

V. New Circumstances

Finally, review of the complaint, as well as the settlement agreement, in this action demonstrates that the settlement of this action addressed plaintiff's claims pertaining only to the provision of a religious diet at High Desert State Prison. Plaintiff is now housed in RJD, and

none of the defendants named herein are responsible for providing plaintiff his religious diet at RJD. The settlement agreement entered into in this action does not preclude plaintiff from filing his claims in a new complaint filed in the Southern District of California, assuming he has first exhausted his administrative remedies.[2]

VI. Conclusion

For all of the above reasons, plaintiff's petition is denied without prejudice.

Plaintiff is advised that documents filed by plaintiff since the closing date will be disregarded and no orders will issue in response to future filings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's petition (ECF No. 19) is denied without prejudice; and

2. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: November 2, 2017

/burt3217.setenf.60b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of available remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).